UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVERNAZ INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PAWLIK; BARBARA PAWLIK,<br><br>Defendants. | No. 2:14-cv-2957 TLN DAD PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

By Notice of Removal filed December 22, 2014, this unlawful detainer action was removed from the Sacramento County Superior Court by defendant Robert Pawlik, who is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

At the outset, defendants are advised that one party proceeding pro se may not represent any other party proceeding pro se. See Local Rule 183. Thus, each document submitted for filing by defendants must bear the signatures of all defendants. In this regard, the Notice of Removal should have been signed by both of the two defendants, but was signed only by defendant Robert Pawlik. See United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he usual rule is that all defendants in an action in a state court must join in a petition for removal . . . .").

/////

1

1       Moreover, it is well established that the statutes governing removal jurisdiction must be
2 "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064
3 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also
4 Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v.
5 Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if
6 there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d
7 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party
8 invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.
9 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See also
10 Provincial Gov't of Martinduque, 582 F.3d at 1087. In addition, "the existence of federal
11 jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to
12 those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d
13 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject
14 matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

15       In removing this action, defendants assert that this court has original jurisdiction over the
16 action because plaintiff's "claim is based upon a notice which expressly references and
17 incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (Notice of
18 Removal (Dkt. No. 1) at 2.) However, it is evident from a reading of plaintiff's complaint filed in
19 the Sacramento County Superior Court that this is nothing more than a garden-variety unlawful
20 detainer action filed against the former owner of real property located in California and that it is
21 based wholly on California law without reference to any claim under federal law. (Id. at 10.)

22       As such, the complaint does not involve any "claim or right arising under the Constitution,
23 treaties or laws of the United States" that would have permitted plaintiff to file this action
24 originally in federal court. See 28 U.S.C. § 1441(b). It is also evident from defendants' Notice of
25 Removal that any federal claims that could conceivably be presented in this action arise solely
26 from defendants' own affirmative defenses and not from the plaintiff's unlawful detainer
27 complaint. See ARCO Envtl. Remediation, LLC, 213 F.3d at 1113. Thus, the defendants have
28 failed to meet their burden of establishing a basis for federal jurisdiction over this action.

1   Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the
2   Sacramento County Superior Court and that this case be closed.

3   These findings and recommendations will be submitted to the United States District Judge
4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5   after being served with these findings and recommendations, any party may file written
6   objections with the court and serve a copy on all parties.  A document presenting objections
7   should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply
8   to objections shall be filed and served within seven days after service of the objections.  The
9   parties are advised that failure to file objections within the specified time may waive the right to
10  appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 8, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\alvernaz2957.ud.f&rs

3